UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL GERTON,

    Plaintiff,

v.

FORTISS, LLC, et al.,

    Defendants.

Case No. 15-cv-04805-TEH

**ORDER RE: HEARING ON MOTION TO COMPEL ARBITRATION**

Counsel shall be prepared to address the following questions at the February 1, 2016 hearing on Defendants' motion to compel arbitration:

**For Both Parties:**

1.     The parties' papers present some confusion as to the timing of the events giving rise to the dispute. Please confirm that the following timeline is correct, and fill in blank dates with references to exhibits where possible:

- February __, 2013: Plaintiff signs Fortiss' "Employee Release Authorization." (Ex. A to Compl.)
- February __, 2013: Fortiss runs background/credit check on Plaintiff.
- February 25, 2013: Knighted Ventures offers Plaintiff employment; Plaintiff signs Knighted Ventures' "Agreement to Mediate and Arbitrate Disputes" (Ex. A to Grewohl Decl.); Knighted Ventures hires Plaintiff.

The Court is mainly interested in (1) whether the two agreements were signed by Plaintiff at the same time, as part of a "pre-hire package" (Pl.'s Opp'n at 3) or were presented to Plaintiff on two distinct occasions; and (2) how much time passed

between Plaintiff signing the Release Authorization, Fortiss performing the background/credit check, and Knighted Ventures hiring Plaintiff.

**For Plaintiff:**

2. You contend that there was no way for Plaintiff to opt out of the class action waiver (*see* Pl.'s Opp'n at 4, 10), but what if Plaintiff had simply not initialed the line below the class action section of the arbitration agreement?  Would that have constituted opting out?

3. If the Court concludes that Fortiss is an agent of Knighted Ventures, do you have any remaining arguments as to why Fortiss cannot compel Plaintiff to arbitration?  Note that this question refers to agency theory, not Fortiss as a third party beneficiary.

4. Please address Defendants' contention that even if Fortiss was not an agent of Knighted Ventures, the Court should still allow Fortiss to compel Plaintiff to arbitration under the theory of equitable estoppel.  *See* Defs.' Reply at 3-4.

5. Can you cite any authority (other than *Cox v. ScreeningOne, Inc.*, 2015 WL 413812 (N.D. Ohio Jan. 30, 2015)) for the proposition that a dispute concerning pre-employment activities is not covered by a stand-alone arbitration agreement signed as part of a pre-hire package?

///

///

///

**For Defendants:**

6.  Please address Plaintiff's contention that under the arbitration agreement, Plaintiff could not compel Fortiss to arbitration, and thus the lack of mutuality in the arbitration agreement defeats Fortiss' ability to compel Plaintiff to arbitration. *See* Pl.'s Opp'n at 9.

7.  If the Court agrees that Plaintiff's claims must be arbitrated, why should the Court stay the action (Defs.' Mot. at 10), as opposed to dismissing the action? *See, e.g,. Sparling v. Hoffman Constr. Co.*, 846 F.2d 635, 638 (9th Cir. 1988) (court has discretion to dismiss action in entirety rather than stay the action if all remaining claims asserted in the complaint must be submitted to arbitration).

8.  Please briefly respond to Plaintiff's "Statement of Recent Decision Submitted as Supplemental Authority to Plaintiff's Opposition to Defendant's Motion to Compel Arbitration." (Docket No. 22.)

**IT IS SO ORDERED.**

Dated: 01/29/16  _____
THELTON E. HENDERSON
United States District Judge